UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE PERKINS, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BENORE LOGISTIC SYSTEMS, INC.,<br><br>Defendant. | Case No.:    16-cv-<br><br>Hon.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*)<br><br>2) Failure of the South Carolina Payment of Wages Act (SC Code Ann. § 41-10-10, *et seq.*) |

Michael J.D. Sweeney, Esq. (pro hac vice application to be filed)
GETMAN & SWEENEY, PLLC
Attorneys for Plaintiff(s)
9 Paradies Lane
New Paltz, NY 12561
 (845) 255-9370
msweeney@getmansweeney.com

Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff(s)
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

Plaintiff STEPHANIE PERKINS ("Perkins"), on behalf of herself and the FLSA Class and the South Carolina Class (as defined below and collectively referred to as "Plaintiffs"), alleges upon personal knowledge as to herself and her acts, and as to all other matters upon information and belief, as follows:

1

## NATURE OF THE ACTION

1.      Defendant BENORE LOGISTIC SYSTEMS, INC. is a privately-held company incorporated in Michigan ("Benore Logistic"). Benore Logistic is a third party logistics provider of supply chain services and integrated logistics solutions. Benore Logistic employs transportation coordinators to communicate the assigned prescheduled route plans, trucks and equipment to its drivers. Transportation coordinators also report to their supervisors any issues that may occur while the freight is in transit. Although transportation coordinators regularly work overtime, i.e., more than 40 hours in a week, Benore Logistic does not pay them premium overtime pay at the rate of time and one-half their regular rate for all hours worked over 40 in a workweek.

2.      Perkins brings claims under the collective action provision of the Fair Labor Standards Act ("FLSA"), as set forth in 29 U.S.C. § 216(b), on behalf of herself and a nationwide class of transportation coordinators employed by Benore Logistic within three years of the filing of this Complaint who were not paid overtime premium pay at the rate of time and one-half the regular rate for all hours worked over 40 in a workweek. She seeks unpaid wages, liquidated damages, interest, costs and attorneys' fees, as well as declaratory relief under the FLSA for herself and any transportation coordinators who join the action. 29 U.S.C. § 201, *et seq*.

3.      Perkins also brings claims as a Rule 23 class action on behalf of herself and a class of transportation coordinators who were employed by Benore Logistic in South Carolina and not paid overtime premium pay at the rate of time and one-half the regular rate for all hours worked over 40 in a workweek during the time period beginning three years prior to the filing of this Complaint through the date of judgment. Perkins and the transportation coordinators who worked in South Carolina also seek an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees, injunctive relief, and other statutory penalties in violation of the South Carolina Payment of Wages Act, SC Code Ann. §§ 41-10-10, *et seq*.

## JURISDICTION AND VENUE

4.      The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce. Jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

5.      This Court has supplemental jurisdiction over the South Carolina state law claims under 28 U.S.C. § 1367 because they are so related to this action that they form part of the same case or controversy under Article III of the United

3

States Constitution.

6.     Venue is proper in this District under 28 U.S.C. § 1391 because Benore Logistic resides in Erie, Michigan which lies within this District.

7.     Benore Logistic employs transportation coordinators in this District.

8.     Upon information and belief, Benore Logistic is subject to personal jurisdiction in Michigan.

9.     A substantial part of the acts and/or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### A.     Named Plaintiff

10.     Named Plaintiff Stephanie Perkins is an employee of Defendant Benore Logistic. Her "Consent to Sue" is attached as Exhibit 1 to this Complaint.

11.     Perkins is a natural person residing in Greenville, South Carolina.

12.     Perkins worked for Benore Logistic as a transportation coordinator ("TC") in Greer, South Carolina.

13.     Perkins has been employed with Benore Logistic since approximately January 2014.

### B.     Represented Parties under 29 U.S.C. § 216 (b)

14.     The term "FLSA Class" as used in this Complaint refers to Perkins and any additional class members pursuant to the FLSA's collective action

4

provision of 29 U.S.C. § 216(b).

15.    Perkins represents a nationwide class of all current and former TCs employed by Benore Logistic who worked more than 40 hours in a workweek within three years of the filing of this Complaint and were not paid at the rate of time and one-half for all hours worked over forty in a week.

16.    Perkins brings claims under the FLSA individually and for the FLSA Class to redress Benore Logistics' failure to pay wages at the rate of time and one-half for all hours worked over forty in a week.

**C.    Named Defendants**

17.    Benore Logistic is a Michigan business corporation listing its headquarters and principal office address as 2500 East Erie Road, PO Box 853, Erie, MI 48133.

18.    Benore Logistic is engaged in interstate shipment of freight and provides its customers transportation solutions.

19.    Benore Logistic conducts business throughout the country, including Georgia, Michigan, and South Carolina.

20.    Upon information and belief, Benore Logistic has terminals that employed TCs in various states including Michigan, Georgia and South Carolina.

21.    Benore Logistic is an enterprise engaged in interstate commerce for purposes of the Fair Labor Standards Act.

5

22.     All actions and omissions described in this Complaint were made by Benore Logistic directly or through its supervisory employees and agents.

## FACTUAL BACKGROUND

23.     Benore Logistic has employed TCs throughout the country, including in Georgia, Michigan, and South Carolina.

24.     Perkins currently works for Benore Logistic in Greer, South Carolina as a TC. Perkins began working for Benore Logistic as a TC in approximately January 2014.

25.     TCs, including Perkins, are responsible for communicating to truck drivers their prescheduled route plans, trucks and equipment for the day.

26.     TCs, including Perkins, also report any operational issues to their supervisors between drivers or departments. TCs report to a supervisor if a driver calls out sick, has in route issues, equipment issues, mechanical issues, or issues with suppliers and receivers.

27.     Benore Logistic schedules TCs around the country, including Perkins, to work more than 40 hours in a workweek.

28.     TCs, including Perkins, regularly work more than their scheduled hours.

29.     TCs around the country, including Perkins, regularly work more than 40 hours in a workweek.

6

30.     Benore Logistic pays TCs, including Perkins, on a salary basis.

31.     Benore Logistic does not pay TCs, including Perkins, overtime compensation at the rate of time and one-half the regular rate for hours worked more than 40 in a workweek.

32.     Because Benore Logistic fails to pay TCs, including Perkins, overtime premium pay at the rate of time and one-half the regular rate for hours worked more than 40 in a workweek, it has violated the FLSA.

33.     Benore Logistic also failed to pay TCs who worked in South Carolina, including Perkins, all wages due as required by the South Carolina Payment of Wages Act.

34.     Benore Logistic knew or should have known that TCs, including Perkins, were working more than 40 hours a week.

35.     Benore Logistic knowingly, willfully, or in reckless disregard of the law maintained an illegal practice of failing to pay Perkins and other TCs overtime compensation for all hours worked over 40.

## CLASS ACTION ALLEGATIONS

36.     Perkins brings her Rule 23(b)(3) class on behalf of the South Carolina Class defined as "all transportation coordinators employed by Benore Logistic in South Carolina during the period commencing three years prior to the filing of this Complaint until judgment in this case who were not paid at the rate of time and

7

one-half for all hours worked over forty in a week."

37.     Excluded from the Class are Benore Logistic's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Benore Logistic; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

38.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b) (3).

39.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff(s), the facts on which the calculation of that number can be based are presently within the sole control of Benore Logistic.

40.     Upon information and belief, the size of the Class is more than 40 persons.

41.     Benore Logistic acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

42.     Perkins' claims are typical of the claims of the Class she seeks to represent. Perkins and the Class members work or have worked for Benore

Logistic and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.

43.     There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.      whether Benore Logistic failed to keep true and accurate time records for all hours worked by Perkins and the Class;

b.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.      whether Benore Logistic failed and/or refused to pay Perkins and the Class overtime pay for hours worked in excess of 40 hours per workweek;

d.      the nature and extent of Class-wide injury and the appropriate measure of damages for the Class;

e.      whether Benore Logistic's policy of failing to pay overtime was instituted willfully or with reckless disregard of the law;

f.      whether Benore Logistic correctly calculated and compensated the Perkins and the Class for hours worked in excess of 40 per workweek;

g.      whether Benore Logistic failed to pay all wages due at the time and place designated to which it had agreed in its employment agreement with Perkins and the Class.

44.     Perkins will fairly and adequately represent and protect the interests of the Class.

a.      Perkins understands that, as class representative, she assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately.

9

b. Perkins recognizes that as a class representative, she must represent and consider the interests of the Class just as she would represent and consider her own interests.

c. Perkins understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Class.

d. Perkins recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.

e. Perkins understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in her possession, and testify, if required, in a deposition and in trial.

45. Perkins has retained counsel competent and experienced in complex class action employment litigation.

46. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Benore Logistic's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation against Benore Logistic. In

10

addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Benore Logistic's practices.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act, 29 US.C. §§ 201 *et seq.*)
### (Brought by Perkins on behalf of herself and the nationwide FLSA Class)

47.     Perkins realleges and incorporates by reference all allegations in all preceding paragraphs.

48.     The FLSA requires each covered employer, such as Benore Logistic, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

49.     TCs were entitled to be paid compensation at the rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

50.     At all relevant times, Benore Logistic, pursuant to its policies and practices, failed and refused to pay appropriate overtime to Perkins and the FLSA Class for all hours worked in excess of forty hours in a workweek.

51.     By failing to compensate Perkins and the FLSA Class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Benore Logistic, has violated the FLSA, 29 U.S.C.

§§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

52.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53.    Perkins, on behalf of herself and the FLSA Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

54.    Perkins, on behalf of herself and the FLSA Class, seeks recovery of their attorneys' fees and costs of action to be paid by Benore Logistic, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(South Carolina Payment of Wages Act, SC Code Ann. § 41-10-10 *et seq.*)**
**(Brought by Perkins on behalf of herself and the South Carolina Class)**

55.    Perkins realleges and incorporates by reference all allegations in all preceding paragraphs.

56.    Benore Logistic has engaged in a widespread pattern, policy, and practice of violating South Carolina Law, as detailed in this Class Action Complaint.

57.    South Carolina Payment of Wages Act, SC Code Ann. § 41-10-10 *et seq.*, requires employers to pay employees all wages due, including overtime compensation for overtime work, each pay period.

58.    Perkins and South Carolina Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

59.    During the period commencing three years prior to the filing of this Complaint Perkins and the South Carolina Class members worked in excess of forty hours in a workweek.

60.    During the period commencing three years prior to the filing of this Complaint Benore Logistic failed to pay Perkins and the South Carolina Class members overtime premium pay for their overtime hours worked.

61.    As a direct and proximate result of Benore Logistic's unlawful conduct, as set forth herein, Perkins and the South Carolina Class members have sustained damages, including loss of earnings for hours of overtime worked and earned compensation in an amount to be established at trial, liquidated damages, reasonable attorneys' fees and costs of the action, and interest.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Perkins, the FLSA Class and South Carolina Class she seeks to represent, pray for relief and request that this Court enter an Order:

A.    That, at the earliest possible time, Perkins be allowed to give notice of this collective action and that Benore Logistic provide her with names, addresses, telephone numbers, and other contact information, or that the Court issue such

notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Benore Logistic and who fall within the FLSA Collective described in this Complaint.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Certifying the claims under the South Caroline Payment of Wages Act as a class action and ordering that the case proceed as a collective action as to the FLSA claims.   (Plaintiffs reserve the right to plead individual state law wage claims for individuals who have joined this action and have put Benore Logistic on notice that they may seek to do so);

C.      Designating Plaintiff Perkins as Class Representative;

D.      Designating Getman & Sweeney as Class Counsel;

E.      Issuing a declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

F.      Providing appropriate equitable and injunctive relief to remedy Benore Logistic's violations, including but not necessarily limited to an order enjoining Benore Logistic from continuing its unlawful practices;

G.      Awarding such other injunctive and equitable relief as the Court may deem just and proper;

H.      Awarding Plaintiffs their unpaid wages;

14

I.     Awarding Plaintiffs an additional 100% as liquidated damages under the FLSA;

J.     Awarding an additional 100% liquidated damages under South Carolina Payment of Wages Act to the South Carolina Class;

K.     Awarding pre-judgment and post-judgment interest, as provided by law;

L.     Awarding reasonable incentive awards for named Plaintiff Perkins to compensate her for the time she spent attempting to recover wages for Class Members and the risk she took in doing so; and

M.     Awarding attorneys' fees and costs, including expert fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  October 19, 2016

*/s/ Jennifer L. McManus*
Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

Michael J. D. Sweeney (Pro Hac Vice)
GETMAN & SWEENEY, PLLC
9 Paradies Lane
New Paltz, NY 12561
(845)255-9370

ATTORNEYS FOR PLAINTIFF(S)        msweeney@getmansweeney.com